IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LODGED _____ RECEIVED

MAR 28 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JASON JAWORSKI, Individually and as     *
  Personal Representative of the Estate of
LINDA JAWORSKI     *
415 Salt Pond Road
Bethany Beach, Delaware 19930     *

    Plaintiffs     *

v.
    *

FRANKLIN SQUARE HOSPITAL CENTER
 INC.     *    CASE NO. **WDQ14CV0972**
9000 Franklin Square Drive
Baltimore, Maryland 21237     *

    SERVE ON: Resident Agent     *
                   The Corporation Trust
                   351 West Camden Street     *
                   Baltimore, MD 21201
    *

ADVANCED RADIOLOGY, P.A.
7253 Ambassador Road     *
Baltimore, Maryland 21244

    *

    SERVE ON: Resident Agent
                   David I. Safferman, M.D.     *
                   7253 Ambassador Road
                   Baltimore, MD 21244     *

KEVIN ROSSITER, M.D.     *
9103 Franklin Square Drive
Baltimore, Maryland 21237     *

KHALID K. AL-TALIB, M.D.     *
6830 Hospital Drive
Baltimore, Maryland 21237     *

TROY BRIJBASI, M.D.     *
7253 Ambassador Road
Baltimore, Maryland 21244     *

    Defendants     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT AND ELECTION FOR JURY TRIAL**

Plaintiffs by and through their attorneys, Laurence A. Marder and Salsbury Clements Bekman Marder & Adkins, LLC hereby file suit against Defendants Franklin Square Hospital Center, Inc., Advanced Radiology, P.A., Kevin Rossiter, M.D. Khalid K. Al-Talib, M.D. and Troy Brijbasi, M.D. and hereby state as follows:

## Jurisdiction and Venue

1. Defendant Franklin Square Hospital Center, Inc. is a corporation incorporated in the State of Maryland with its principle place of business in Baltimore County, Maryland.

2. Defendant Advanced Radiology, P.A. is a corporation incorporated in the State of Maryland with its principle place of business in Baltimore County, Maryland.

3. Defendant Kevin Rossiter, M.D., for all relevant time periods, maintains a practice at the Defendant Franklin Square Hospital Center and provided treatment. The care provided out of which this cause of action arose was provided in Baltimore County, Maryland.

4. Defendant Khalid K. Al-Talib, M.D. for all relevant time periods, maintains a practice at the Defendant Franklin Square Hospital Center and provided treatment. The care provided out of which this cause of action arose was provided in Baltimore County, Maryland.

5. Defendant Troy Brijbasi, M.D., for all relevant time periods, maintains a practice at the Defendant Franklin Square Hospital Center and provided treatment. The care provided out of which this cause of action arose was provided in Baltimore County, Maryland.

6. The Plaintiff, Jason Jaworski, Individually and as the Personal Representative of the Estate of Linda Jaworski, for all relevant time periods, was and is a resident in the State of Delaware.

7. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

8. The venue is proper in the United States District Court for the District of Maryland. All procedural requirements for filing have been met, including filing of the claim in the Health Claims Alternative Dispute Resolution Office of Maryland. Certificates of Qualified Expert and Reports of Paul Friedmann, M.D. and Kevin Daly, M.D. are attached as **Exhibit A**.

9. This Court retains jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of the parties, the accident occurred in the State of Maryland, and the amount in controversy is greater than $75,000.

## Facts Common to All Counts

9. At all times hereinafter set forth, the Defendant, Kevin Rossiter, M.D. held himself out to the Plaintiffs, the Plaintiff's Decedent, and to the general public as an experienced, competent and able physician and practice of internal medicine and more specifically, nephrology, possessing or providing that degree and skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of internal medicine and nephrology, and as such, had a duty to the Plaintiffs to render that degree of care and treatment to him which is ordinarily rendered to those who devote special study and attention to internal medicine and nephrology.

10. At all times hereinafter set forth, the Defendant, Khalid K. Al-Talib, M.D. held himself out to the Plaintiffs, the Plaintiff's Decedent, and to the general public as an experienced, competent and able physician and practice of internal medicine and more specifically, nephrology, possessing or providing that degree and skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of internal medicine and nephrology, and as such, had a duty to the Plaintiffs to render that degree of care and treatment to him which is ordinarily rendered to those who devote special study and attention to internal medicine and nephrology.

11. At all times relevant to this action, the Defendant Franklin Square Hospital Center, Inc. was and is a medical facility offering medical and other related services to the general public and in such capacity such hospital, its agents, servants and/or employees, nurses, medical staff and consultants held themselves out as practicing ordinary standards of medical, hospital, and surgical care and, as such, owed a duty to the Plaintiffs and the Plaintiffs' Decedent to render and provide health care within the ordinary standards of medical, hospital, and surgical care, and to exercise reasonable skill and care in the selection of its personnel to provide competent physicians, nurses and other medical personnel, possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, internal medicine and surgery, and to supervise and provide its patients with diagnostic and medical services and treatment commensurate with the condition from which the patient suffers and for which patient entered said hospital.

12. At all times relevant to this action and hereinafter set forth, the Defendant, Advanced Radiology, P.A., was, and is, a professional corporation which, at all times

relevant to this Statement of Claim, offered medical, radiological, and other related services to the general public and in such capacity had a duty to the Plaintiff's Decedent to render and provide health care within the ordinary standards of medical and health care and to exercise reasonable skill and care in the selection of its personnel to provide competent physicians, and other medical personnel and consultants, possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, radiology and more specifically interventional radiology.

13. At all times relevant to this action and hereinafter set forth, the Defendant, Troy Brijbasi, M.D. was an agent, employee, or apparent agent or employee, of Defendant Advanced Radiology, P.A. and Franklin Square Hospital Center, Inc.

14. At all times relevant to this action and hereinafter set forth, the Defendant, Khalid K. Al-Talib, M.D. and Kevin Rossiter, M.D. were agents, employees, or apparent agents or employees, of Defendant Franklin Square Hospital Center, Inc.

15. On or about April 4, 2011, Linda Jaworski presented to the Emergency Room of Defendant Franklin Square Hospital Center, Inc. Her complaints included weakness, abdominal pain, difficulty swallowing and high blood pressure.

16. Plaintiff's Decedent, Linda Jaworski, came under the care of Kevin Rossiter, M.D. and Khalid K. Al-Talib, M.D. Her clinical presentation and testing at the hospital was highly consistent for malignant hypertension and/or long-standing chronic kidney disease.

17. Notwithstanding this diagnosis, Defendant Al-Talib ordered a kidney biopsy. Accordingly, on April 6, 2011, Defendant Brijbasi, M.D. performed a life sided

kidney biopsy.

    18.    The biopsy was not indicated for the following reasons:

        (a)    A diagnosis was reasonably known based on clinical presentation and hospital data without exposing Ms. Jaworski to the risks of biopsy.

        (b)    Timing of the biopsy was also inappropriate for the following reasons:

            (1)    Ms. Jaworski had significant or severe uremia;

            (2)    The biopsy was performed prior to initiating dialysis;

            (3)    Ms. Jaworski suffered from severe anemia and had not had sufficient transfusions despite knowledge of her propensity to bleed as evidenced by a drop in hematocrit and blood in the stool the patient had malignant hypertension super imposed upon long-standing untreated hypertension.

            (4)    Ms. Jaworski had recent chronic use of NSAIDs;

            (5)    Ms. Jaworski was known to have echogenic kidneys of disparate size;

            (6)    Ms. Jaworski was still being given anti-coagulants, i.e., heparin injections; and

            (7)    Ms. Jaworski had inadequately controlled hypertension at the time of the biopsy.

    19.    The pathology obtained from the biopsy was sent to Johns Hopkins Reference Laboratories which reported to Defendant Rossiter that the sample contained

extensive samplings of large arteries. These findings favored and required discontinuance of heparin. Ms. Jaworski was maintained on heparin following the procedure.

20. The performance of the biopsy triggered a cascade of events including uncontrolled bleeding that eventually lead to the death of Ms. Jaworski on April 10, 2011.

## COUNT 1 - CLAIMS OF THE ESTATE

Plaintiffs incorporate by reference all that is contained in paragraphs 1 through 20 as if stated herein in full.

21. The Defendants herein were jointly negligent and careless in the following respects:

   (a) Failing to adequately and properly treat Ms. Jaworski for long-standing chronic kidney disease, along with malignant hypertension;

   (b) Ordering and performing a renal biopsy which was not medically indicated;

   (c) Ordering and performing a renal biopsy which carried inherent high risks due to the small kidney size and evidence of cortical thinning;

   (d) Even if a biopsy may have been generally indicated, which is was not, the timing of the biopsy was inappropriate and presented Ms. Jaworski with high risks for complication.

   (e) Continuing anti-coagulation following and prior to biopsy procedure and failing to appreciate the pathology finding of extensive large arteries in the sampling.

(f) Failing to perform appropriate medical reconciliation after the biopsy;

(g) And was otherwise negligent and careless.

22. As a direct result of the negligence of the Defendants, the Decedent was caused to suffer painful and permanent injuries to her body and sustained severe mental anguish and emotional conscious pain and suffering, was caused to incur medical bills and other losses and damages prior to her death, and further proximately caused her untimely death.

WHEREFORE, Jason Jaworski as Personal Representative of the Estate of Linda Jaworski, claims damages in an amount to be determined by a jury.

## COUNT 1 - JASON JAWORSKI, INDIVIDUALLY

Plaintiffs incorporate by reference all that is contained in paragraphs 1 through 22 as if stated herein in full.

23. As a direct result of the negligence of the Defendants the Plaintiff, Jason Jaworski, as a surviving child of Linda Jaworski, suffered mental anguish and emotional pain and pecuniary loss, and has lost and been deprived of the society, companionship, comfort, care, attention, advice, counsel, services and support which the Decedent could have and would have afforded and rendered had she continued to live.

24. By reason of the negligence of the Defendants which culminated in the death of Linda Jaworski a cause of action has accrued to the Plaintiff as a surviving child to the Decedent for compensation to him for all the damages, injuries and losses, past, present and future which he has sustained, is sustaining, and in the future will sustain,

all of which are proximately caused by the negligence of the Defendants without negligence on the part of the Plaintiffs or Plaintiffs' Decedent thereunto contributing.

WHEREFORE, Plaintiff, Jason Jaworski, claims damages from the Defendants identified herein in an amount to be determined by a jury.

_____
Laurence A. Marder
SALSBURY, CLEMENTS, BEKMAN,
 MARDER & ADKINS, LLC
300 W. Pratt St., Ste. 450
Baltimore, MD 21201
(410) 539-6633
*Attorneys for Plaintiffs*

## ELECTION FOR JURY TRIAL

Plaintiffs, Jason Jaworski, Individually, and as Personal Representative of the Estate of Linda Jaworski, through their attorneys, Laurence A. Marder and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby elect to have the above-captioned case tried before a jury.

_____
Laurence A. Marder
Salsbury, Clements, Bekman,
 Marder & Adkins, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland  21201
(410) 539 6633
*Attorneys for Plaintiffs*